UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., | ) | C/A No.: 5:13-cv-01866-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Warden Tim Riley, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se and *in forma pauperis*, brought this action seeking habeas corpus relief under 28 U.S.C. § 2241. This matter comes before the court on Petitioner's Motion for Writ of Mandamus filed on October 25, 2013. ECF No. 16. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

Petitioner's motion argues that South Carolina Department of Corrections' ("SCDC") staff is denying him access to the courts. ECF No. 17. Petitioner argues that he has over 20 cases pending in South Carolina and that SCDC's staff has not provided Petitioner with the "needed amount of legal supplies." *Id.* at 2. Petitioner contends that an SCDC mailroom supervisor has "denied [him] the constitutional right to send and receive legal mail," and an SCDC librarian does not give him adequate time in the law library. *Id.* at 3. Petitioner argues that he has complained to three wardens and SCDC general counsel, but Petitioner has not indicated what action, if any, was taken in response to his complaints. *Id.* Petitioner requests that the court compel SCDC staff to provide him with adequate legal supplies, to compel Mrs.

Estridge, the mailroom supervisor, "to stop trying to provoke [Petitioner]" and to allow Petitioner to timely send and receive legal mail, and to compel Mrs. Desai, the librarian, to provide Petitioner "with additional law library time," so that Petitioner "can adequately fight his 20 S.C. cases." *Id.* at 3-4.

A writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969). The United States Supreme Court has discussed the extraordinary nature of the mandamus writ and held that it may be issued only in exceptional circumstances:

> In order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, hardly ever!"

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35-36 (1980) (citations and quotations omitted). The Fourth Circuit also emphasizes that the availability of an alternative remedy is central to the consideration of whether the case is exceptional enough to warrant issuance of a writ of mandamus. That court has held that where there is an alternate way for the petitioner to obtain the relief he desires, mandamus will not lie. *See Pet. of Int'l Precious Metals Corp.*, 917 F.2d 792 (4th Cir. 1990).

Upon review of Petitioner's motion, the undersigned has determined that exceptional circumstances do not exist in this matter that would justify the use of an extraordinary writ of mandamus to obtain the relief requested by Petitioner. SCDC provides a grievance system in

which Petitioner may petition for additional legal supplies, for additional time in the law library, and for timelier mailing and delivery of his legal mail. For the foregoing reasons, it is recommended that the court deny Petitioner's Motion for Writ of Mandamus, ECF No. 17.

IT IS SO RECOMMENDED.

December 19, 2013                                                    Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge