UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr.,           ) | C/A No.: 5:13-cv-01866-DCN-KDW |
|           Petitioner,     ) | |
| v.                                ) | ORDER |
| Warden Tim Riley,                 ) | |
|           Respondent.    ) | |

Petitioner brought this habeas action pursuant to 28 U.S.C. § 2241. This matter is before the court on Petitioner's Motion to Compel, ECF No. 23, and Petitioner's Motion to Appoint Counsel, ECF No. 24, filed on December 5, 2013. Respondent filed an opposition to Petitioner's Motion to Compel on December 23, 2013. ECF No. 30. Respondent did not file a response to Petitioner's Motion to Appoint Counsel. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**Motion to Compel, ECF No. 23**

Petitioner asks the court to compel Defendant "to obtain sworn affidavits or a recording from each inmate and staff member witness stating if Petitioners counsel substitute ask them to write statements in Petitioner's behalf concerning his June 8th, 2012 cellphone and striking charge." ECF No. 23 at 1. Respondent opposes this motion arguing that Peitioner is improperly seeking discovery not authorized in a habeas proceeding, and Petitioner cannot establish good cause for the requested discovery. ECF No. 30.

Rule 6 of the Rules Governing Section 2254 Cases states, in part, that:

(a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.

(b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Petitioner has not sought leave of this court to file any discovery requests nor has the court authorized Petitioner to conduct discovery. Accordingly, Petitioner is not entitled to discovery and his motion to compel discovery, ECF No. 23, is DENIED.

**Motion to Appoint Counsel, ECF No. 24**

Petitioner asks that the court appoint him counsel because he is unable to afford counsel, that his imprisonment limits his ability to litigate this matter, and that the case involves complex issues that will require significant research and Petitioner has "limited access to the law library and limited knowledge of the law." ECF No. 24.

There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, ... he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). While a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(2)(B); the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

Having reviewed the Petition and other documents filed by Petitioner, the court finds that Petitioner has not proven exceptional or unusual circumstances which would justify the appointment of counsel. The court finds that Petitioner's claims are not "particularly complex," and that Petitioner is able to adequately represent himself in this matter. *Whisenant*, 739 F.2d at 160. Accordingly, Petitioner's request for the appointment of counsel, ECF No. 24, is DENIED.

IT IS SO ORDERED.

February 10, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge