DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., | ) | Civil Action No. 5:13-cv-01866-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Tim Riley, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On July 9, 2013, Petitioner, Billy Lee Lisenby, Jr., filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Motion for Summary Judgment filed on November 6, 2013. ECF No. 19. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Petitioner on November 7, 2013, of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 20. On December 5, 2013, Petitioner filed a response in opposition to Respondent's motion. ECF No. 22. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 19, be granted.

I.    Factual and Procedural Background

Petitioner is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). Petitioner was convicted of the offenses of possession of a cell phone and striking an officer on June 20, 2012, following a disciplinary hearing on these charges. ECF Nos. 1, 1-3.

As a result of these convictions, Petitioner failed to earn good-time credits for one month and was sanctioned with 540 days of disciplinary detention. ECF No. 19-1 at 2. Petitioner did not lose any good-time credits. *Id.* Petitioner claims that he was denied basic due process in the hearing because his counsel substitute failed to question and/or call Petitioner's witnesses. ECF No. 1. Petitioner also claims that his sentence is being improperly calculated because of an allegedly improper removal of his good-time credits. *Id.*

II.     Discussion

    A.     Federal Habeas Issues

Petitioner raises the following grounds in his federal Petition for a writ of habeas corpus, quoted verbatim:

> **Ground One**: Denial of the right to call witnesses, and ineffective counsel substitute. Also they didn't document why his witnesses were denied.
>
> Supporting FACTS: Petitioner was convicted on June 20th, 2012 for the charge poss. of a cellphone. He argues violation of due process and actual innocence. Petitioner pled not guilty and was found guilty by D.H.O Sellers. On June 12th, 2012 he sent D.H.O Sellers and his counsel substitute (Mr. Armstrong) a 19-11 Form Request to Staff Member asking for numerous inmate witnesses, Nurse Phillips, SGT. Henderson, Ms. Hough, and L.T. Miller's Medical Report and the nurse who saw him to be present as my witness. [See Enclosed Request to Staff Member to Sellers/McCormick D.H.O]. See Attachment # 1.
>
> **Ground Two**: Erroneously calculating Petitioner's Goodtime credits.
>
> Supporting FACTS: Even though Petitioner failed to earn the 20 days goodtime for the month, they have erroneously calculated his sentence. On June 20th, 2012 his max-out date was 7-19-2016, and it moved to 2-19-17 after the conviction. How did his max-out date move (7) seven months. See enclosed Request to Staff to Mrs. York listed as Exhibit #3.
>
> **Ground Three:** Petitioner was denied judicial review.
>
> Supporting FACTS: Petitioner was denied the right to appeal his case to the ALC because he didn't lose any good time. Then he was denied the right to appeal to the Court of Appeals because he didn't have the funds to pay the $100.00 filing

>   fee. Petitioner is confined to solitary confinement and has no way to pay the
>   $100.00 filing fee. He paid the $25.00 filing fee for the ALC and was still denied.
>   He has 360 days solitary confinement.

ECF No. 1 at 8-9. Petitioner asks that his "case be overturned," that he be released from SMU and that all his good-time credits be reinstated. *Id.* at 9.

    B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v.*

3

*Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Analysis

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. *Ex parte Hawk*, 321 U.S. 114, 117 (1944). "Unlike petitions brought under [28 U.S.C.] § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotation marks omitted). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court ("SCALC"). *See Al-Shabazz v. State,* 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.,* 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corr.,* 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz,* 527 S.E.2d at 750. Generally, a state prisoner's claim regarding credits that could impact his sentence calculation will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly raised through the prison grievance process with appeal to the SCALC, rather than through a post-conviction relief ("PCR") application filed in circuit court. *See Al-Shabazz,* 527 S.E.2d at 752. Accordingly, Petitioner's exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the SCALC as outlined in *Al-Shabazz,* with appeal to the state appellate courts. *Al-Shabazz,* 527 S.E.2d at 752–57 (discussing the application of the Administrative Procedures Act and the review process); Rule 203(b)(6), SCACR; *see also* S.C. Code Ann. § 1-23-610(A)(1).[1]

Respondent contends that this habeas petition should be dismissed because Petitioner has failed to "properly exhaust available state remedies as to his claims in this petition and therefore, his claims are procedurally barred." ECF No. 19-1 at 4. Respondent argues that Petitioner has not appealed his convictions to the highest state court because although Petitioner "challenged

---

[1] This procedure, which applies to most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code Ann. §§ 17-27-10, et seq.; Rule 243, SCACR.

his disciplinary convictions by appealing them to the South Carolina Court of Appeals, he failed to obtain a decision on the merits in the Court of Appeals." *Id.* at 5. Respondent contends that even if Petitioner "had obtained a final decision on the merits in the Court of Appeals, he would have been required to seek review in the South Carolina Supreme Court prior to seeking federal habeas relief."[2] *Id.* at 6. Respondent further argues that Petitioner's appeal of his disciplinary conviction for striking an officer is still pending as of the date of this motion. *Id.*

Petitioner argues that he did exhaust his available state administrative remedies. ECF No. 22. Petitioner contends that he "does not have money to pay the $100.00 filing fee" because the S.C. Court of Appeals denied his *in forma pauperis* application. *Id.* at 1. Petitioner argues that because he could not pay the filing fees he was "prohibited from seeking a rehearing and review from the Supreme Court [which] is unconstitutional and unfair." *Id.* at 1. Petitioner avers that "he has exhausted all remedies available to an indigent inmate." *Id.* at 2.

In this case, Petitioner's appeal to the SCALC regarding the denial of his Step 2 grievance concerning his conviction for possession of a cell phone was dismissed with prejudice. *See* ECF No. 19-4 at 1. Petitioner attempted to appeal the SCALC's dismissal and filed a Notice of Appeal on February 1, 2013, along with a Motion to Proceed *In Forma Pauperis*. ECF No. 19-5 at 1-2. The S.C. Court of Appeals denied his *in forma pauperis* motion citing to *Ex Parte*

---

[2] South Carolina law provides that, in all appeals from criminal convictions or post-conviction relief matters, when a claim has been presented to the South Carolina Court of Appeals, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. Petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required. *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Ca*ses, 471 S.E.2d 454 (S.C.1990). This rule, however, has not been extended to administrative sentence calculation or sentence-related credit decisions arising out of SCDC and the SCALC. Accordingly, Petitioner would be required to present his claims to the state Supreme Court to fully exhaust his state remedies. *Twitty v. Reynolds*, C/A No. 0:11–2667–DCN–PJG, 2012 WL 2366452, at *4, n.5 (D.S.C. June 1, 2012), adopted by, 2012 WL 2366452 (D.S.C. June 21, 2012).

*Martin*, 471 S.E.2d 134, 135 (S.C. 1995)(concluding "motions to proceed *in forma pauperis* may only be granted where specifically authorized by statute or required by constitutional provision."). ECF No. 19-5 at 6. Petitioner's appeal was dismissed on June 3, 2013 due to Petitioner's failure "to provide the notice of the appeal filing fee." ECF No. 19-5 at 7. Petitioner also appealed his Step 2 grievance which affirmed his conviction for striking an officer to the SCALC, and this appeal was dismissed with prejudice. ECF No. 19-6. On July 8, 2013, Petitioner filed a Notice of Appeal of the SCALC's decision and the S.C. Court of Appeals dismissed his appeal on October 10, 2013 because Petitioner failed to pay the Notice of Appeal filing fee. ECF No. 19-7. Because the S.C. Court of Appeals dismissed Petitioner's appeals due to his failure to pay the filing fees, Petitioner has not received a decision from the state's highest court on the issues in his habeas Petition, and thus has not exhausted his state remedies. *See Yawn v. Eagleton*, No. 409-1221-PMD-TER, 2009 WL 3571364, at *3 (D.S.C. Oct. 26, 2009)(finding failure to pay state appellate court filing fee resulted in a procedural default barring a claim from subsequent habeas review). Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 19, be granted. To the extent Petitioner argues that the requirement that he pay a filing fee before proceeding with his appeals was "unconstitutional and unfair," the undersigned finds that such a claim is more appropriately brought in a civil rights action and not in a writ of habeas corpus.

### III.    Conclusion and Recommendation

For the reasons discussed above, it is recommended that Respondent's Motion for Summary Judgment, ECF No. 19, be granted, and the Petition dismissed.

IT IS SO RECOMMENDED.

March 7, 2014 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**